# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-04-00249-CR

**The State of Texas, Appellant**

**v.**

**Mario Delagarza, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-03-1018-S, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

### O P I N I O N

Appellee Mario Delagarza is under indictment for possessing methamphetamine and cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2003). The State appeals an order granting Delagarza's motion to suppress evidence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2004-05). We will reverse the suppression order and remand for further proceedings.

The challenged search was conducted pursuant to a warrant. An application for a search warrant must be supported by an affidavit setting forth substantial facts establishing probable cause. *Id.* arts. 1.06 (West 1977), 18.01(b) (West Supp. 2004-05). The facts submitted to the magistrate must be sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued. *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App.

1986); *State v. Bradley*, 966 S.W.2d 871, 873 (Tex. App.—Austin 1998, no pet.). The sufficiency of the affidavit is determined by considering the totality of the circumstances set forth within the four corners of the document. *Illinois v. Gates*, 462 U.S. 213, 234 (1983); *Bradley*, 966 S.W.2d at 873. The issuing magistrate's determination of probable cause must be given great deference and will be sustained if the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Gates*, 462 U.S. at 236; *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004); *Bradley*, 966 S.W.2d at 873.

The warrant at issue was applied for and issued on July 9, 2003. It authorized a search of the residence located at 3205 Orchard Street in San Angelo (referred to in the affidavit as the "suspected place") and the arrest of Delagarza and Brianna Andros (collectively referred to in the affidavit as the "suspected party"). In summary, the probable cause portion of the affidavit stated:

- On March 31, 2003, an unnamed informer told the affiant, San Angelo police officer Brian Robinson, that the suspected party was living at 5 Dellwood Street. The informer had seen a large number of people coming and going from that location, staying only a short period of time. Based on his training and experience, Robinson recognized this pattern of activity as being consistent with unlawful drug distribution. San Angelo police records confirmed that Delagarza lived at 5 Dellwood.

- On March 31 and April 7, 2003, trash bags left outside 5 Dellwood for collection were taken by Robinson and another police officer for inspection. On the first date, they found in the trash twelve pieces of burned foil, seven Ziploc plastic bags with the corners cut away, four plastic corner bags, and three plastic sandwich bags with the corners cut away. On the second date, they found nine pieces of burned foil, two plastic bags containing a white powder residue with the corners cut away, and one corner bag. Chemical field tests of plastic bags seized on each occasion were positive for cocaine.

2

- On June 10, 2003, the same anonymous informer told Robinson that the suspected party had moved "from the Suspected Place to an unknown location."[1]

- On June 26, 2003, Robinson received a "crime stoppers" tip regarding suspected drug dealing at the suspected place, that is, 3205 Orchard Street. Like the earlier tip regarding 5 Dellwood, this tip was based on the number of people visiting the location and their brief stays. Water department records showed that the utilities at 3205 Orchard were in Delagarza's name.

- On July 1, July 2, and July 4, 2003, Robinson and another officer picked up and searched trash bags left directly behind the suspected place for collection. On July 1, they found four plastic sandwich bags with the corners cut away, two pieces of burned foil, marihuana seeds and stems, and one handwritten note addressed to the suspected party.[2] On July 2, they found nine plastic sandwich bags with the corners cut away, four pieces of burned foil, two plastic corner bags, and marihuana seeds and stems. In the bags retrieved on July 4, they found four plastic sandwich bags with the corners cut away, three pieces of burned foil, and marihuana seeds and stems. Chemical field tests on plastic bags found in the trash on July 1 and 2 were positive for cocaine.

- On July 9, 2003, the day the affidavit was presented to the magistrate, trash bags left for collection were again retrieved from outside the residence at 3205 Orchard. In the trash, Robinson found forty plastic sandwich bags with the corners cut away, twenty-two pieces of burned foil, three plastic bags tied into a knot, three plastic corner bags, marihuana seeds and stems, and a handwritten note with the name of the suspected party. A chemical field test on one of the plastic bags was positive for cocaine.

- Robinson knew from his training and experience that cocaine traffickers commonly use the bottom portions of plastic sandwich bags for packaging, that plastic sandwich bags and corner bags are used to package cocaine, and that cocaine is commonly ingested by heating it on foil.

- The suspected party has a record of arrests for resisting and evading arrest, and for obstructing police officers.

---

[1] At the suppression hearing, Robinson testified that the affidavit should have stated that the informer told him that the suspected party had moved from 5 Dellwood to an unknown location.

[2] Robinson testified that this note and the note found on July 9 were addressed to "Mario."

3

The warrant was executed on the day it was issued. Among the items seized were a small plastic bag containing a white powder substance, a package containing a green leafy substance, a water pipe, and pieces of aluminum foil with burned residue. Delagarza was not present at 3205 Orchard Street when the warrant was executed. He was arrested elsewhere that day.

We conclude that the affidavit, when read in a common sense and realistic manner, gave the issuing magistrate a reasonable basis for concluding that controlled substances could be found at 3205 Orchard Street on July 9, 2003. From the four corners of the affidavit, the magistrate learned that Robinson's attention was drawn to 3205 Orchard by a tip received on June 26, 2003, from an anonymous informer of unknown reliability. Although the affidavit did not state when these activities took place, the described comings and goings at 3205 Orchard were, in Robinson's experience, indicative of unlawful drug dealing. Acting on this information, Robinson and other officers went to 3205 Orchard on four different occasions during the ten days preceding the issuance of the warrant. On each occasion, they retrieved trash bags left outside the residence for collection. In the trash, the officers found plastic sandwich bags from which the corners had been cut and the "corner bags" commonly used to package cocaine for sale. Chemical field tests of these bags were positive for cocaine. The officers also found marihuana and pieces of foil that appeared to have been used to heat cocaine prior to ingestion. The most recent of these trash searches took place the very day the affidavit was prepared and presented to the magistrate.

The magistrate was also told that Robinson had three months earlier received a similar anonymous tip regarding apparent drug dealing at 5 Dellwood, and that searches of the trash left outside that location on two different days had led to the discovery of burned pieces of foil and

4

plastic bags testing positive for cocaine. Although this information did not directly support a finding of probable cause to search 3205 Orchard, it added some inferential support because police or utility records showed that both addresses were occupied by Delagarza at the relevant times.

Delagarza argues that the affidavit did not state facts sufficient to tie him to the suspected drug activities and did not give the magistrate probable cause to order his arrest. Delagarza's motion to suppress, however, was directed to the evidence seized during the search of the premises at 3205 Orchard Street. There is no indication in the record that any evidence was seized as a result of his arrest at a different location later that day. The question whether the warrant stated probable cause for Delagarza's arrest is therefore not before us.

The affidavit in this cause is distinguishable from the probable cause affidavit held insufficient in *Serrano v. State*, 123 S.W.3d 53 (Tex. App.—Austin 2003, pet. filed). There, as here, the affidavit was based in part on information received from an informer. Although the informer in *Serrano* had provided reliable information in the past, the tip merely stated the conclusion that Serrano was dealing drugs. *Id*. at 60. The tip did not describe the activities on which this conclusion was based, nor did it indicate where or when this supposed drug dealing took place. *Id*. at 60-61. Although the affidavit tenuously linked Serrano to the suspect address, the only evidence of drug dealing at that location was a one-time search of the trash that turned up two plastic bags, one of which tested positive for cocaine. *Id*. at 63. In the present cause, on the other hand, the informer, albeit not known to be reliable, described activities observed at 3205 Orchard that led both the informer and Robinson to suspect that drug dealing was taking place. These suspicions were

confirmed by four different searches of the trash at that location, in each of which considerable evidence of drug dealing and use was discovered.

It is not our task, nor was it the task of the district court, to determine de novo whether the search warrant affidavit stated probable cause to search 3205 Orchard Street, but only to ensure that the issuing magistrate had a substantial basis for concluding that probable cause was shown. *Gates*, 462 U.S. at 239; *Swearingen*, 143 S.W.3d at 810; *Bradley*, 966 S.W.2d at 876. The resolution of doubtful or marginal cases should largely be determined by the preference to be accorded to warrants. *Bradley*, 966 S.W.2d at 876 (citing *United States v. Ventresca*, 380 U.S. 102, 109 (1965)). In light of this preference for the warrant process, and giving the magistrate's probable cause determination the deference it is due, we hold that the magistrate had a substantial basis for concluding that probable cause to search existed and that the district court erred by granting Delagarza's motion to suppress.

The district court's order granting the motion to suppress evidence is reversed and the cause is remanded to that court for further proceedings.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Reversed and Remanded

Filed:   January 21, 2005

Publish

6