[COMMENT1] 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-204-CR

 

 

DEWAYNE MONTRELL FOSTER                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Dewayne Montrell Foster
appeals from his convictions for assault on a public servant.  In two issues, appellant challenges the
legal sufficiency of the evidence to support his convictions and complains that
the trial court violated his constitutional rights by improperly limiting the
defense=s cross-examination of one of the complaining witnesses.  We affirm.








In his first issue, appellant
contends that there is no evidence to support the State=s allegation in count one of the indictment that he intentionally,
knowingly, or recklessly caused bodily injury to Officer Phillip Rice by Astriking . . . Rice about the body and/or causing . . . Rice to strike
the wall.@  Appellant asserts that there is a fatal
variance between this allegation and the proof offered at trial because the
only injury for which Rice sought medical treatment was a wrist injury, and
Rice acknowledged that he did not know how his wrist became injured during his
struggle with appellant. 








Rice further testified,
however, that during his confrontation with appellant, appellant punched him in
the rib cage on his left side and in the left shoulder area.  In addition, Rice testified that, while
he had appellant in a bear hug, appellant took several steps backward and
forced both men over a dresser and into a wall-mounted mirror.  Rice testified that he experienced pain
both as a result of appellant hitting him and as a result of appellant causing
him to strike the wall.  Bodily
injury includes physical pain.[2]  Accordingly, we hold that the evidence
is legally sufficient[3]
to show that appellant intentionally, knowingly, or recklessly caused Rice
bodily injury.  We overrule
appellant=s first
issue.

In his second issue,
appellant complains that the trial court violated his Sixth Amendment right to
confrontation by limiting his cross-examination of Rice.  Appellant contends that one of his
defensive theories at trial was that Rice had filed the underlying assault
charge to protect himself from an excessive force allegation resulting from his
use of a headlock to restrain appellant. 
Specifically, appellant asserts that the trial court improperly
sustained the State=s
speculation and relevance objections, respectively, to the following questions:

$If an
officer has used excessive force when making an arrest, Acan
there be a motivation to make the situation worse than it was on the part of
the officer to justify with internal affairs what is happening?@

 

$@[H]ow
typically does an officer defend themselves against . . . a charge [of use of
excessive force]?@

 

 








The Sixth Amendment right to
confrontation[4]
necessarily includes the right to cross‑examine.[5]  This constitutional right is violated
when appropriate cross‑examination is limited.[6]

We review the trial court=s exclusion of evidence under an abuse of discretion standard.[7]  A trial court does not abuse its
discretion unless its ruling is arbitrary and unreasonable and therefore
outside the zone of reasonable disagreement.[8]  The mere fact that a trial court may
decide a matter within its discretionary authority in a different manner than
an appellate court would in a similar circumstance does not demonstrate that an
abuse of discretion has occurred.[9]  








Applying these principles to
this case, we hold that the trial court did not abuse its discretion by
sustaining the State=s
speculation objection to the first question listed above.  The question did not ask whether Rice
knew of any specific instances of officers embellishing the facts after using
excessive force.  Therefore, the
trial court reasonably could have concluded that Rice was being asked to
speculate regarding whether embellishment could occur.

Likewise, the trial court
reasonably could have concluded that the defense=s second question was not relevant to the issues in the case.  There is no evidence that any complaint
or charge of excessive force had been filed against Rice as a result of his use
of a headlock when attempting to restrain appellant.[10]  Further, the question did not ask Rice
how he would go about preventing a charge of excessive force from being filed
or whether he knew of specific instances in which other officers had sought to
prevent such charges.  Thus, the question
sought evidence that was not only irrelevant, but also calculated to confuse
the issues and mislead the jury by injecting into the case facts regarding a
completely different situationCone in which an officer had been charged with use of excessive
force.[11]








Accordingly, we hold that the
trial court did not abuse its discretion or violate appellant=s right to confrontation by limiting the defense=s cross-examination of Rice.[12]  We overrule appellant=s second issue.

Having overruled both of
appellant=s issues, we
affirm the trial court=s judgments.

 

PER CURIAM

 

PANEL
F:    CAYCE, C.J.;
LIVINGSTON and DAUPHINOT, JJ.

 

DAUPHINOT,
J. filed a dissenting opinion.

 

PUBLISH

 

DELIVERED:
October 13, 2005

 

 

 

 

 

 

 

 











 
 
 
 
 
 
 




 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-04-204-CR

 

 

DEWAYNE MONTRELL FOSTER                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------

 








I must respectfully dissent from
the majority=s holding
that a trial court may limit cross-examination when the trial court believes
that the defense being offered might confuse the jury.  The defense was that the arresting
officer accused Appellant of assault on a public servant in order to head off
an accusation that the officer used excessive force.  Appellant was clearly laying the
foundation for a showing of bias or motive on the part of the officer in an
attempt to impeach his testimony. 
The first question may not have been artfully phrased, but, I submit,
when the State asks a police officer about common police practices, the State
is not asking the officer to speculate. 
Just as lawyers can be asked to testify about common practices among
lawyers, for example, the charging of customary and reasonable attorneys= fees, and narcotics officers can testify about common practices of
drug dealers, a police officer can be asked about common practices of police
officers.  The officer can always
answer that he does not know or that it is not a common practice in his
experience.








Similarly, the claim that the
question about how an officer defends against a claim of excessive force is
irrelevant, when the entire defense is that the officer was guilty of using
excessive force and arrested Appellant in a pre-emptive effort to avoid a
charge against the officer, is incomprehensible.  The majority contends that because the
complaint had not been filed against the officer, the defense could not argue
that the officer had used excessive force. 
This argument is like saying that a civil defendant cannot claim that
the car he rear-ended stopped too suddenly and had no brake lights if the
driver of that car did not receive a ticket.  Would the civil defendant=s attempts to show fault on the part of the plaintiff be considered Anot only irrelevant, but also calculated to confuse the issues and
mislead the jury by injecting into the case facts regarding a completely
different situationBone in which@ the other driver had been charged with stopping too suddenly
and having no brake lights? 

State=s witnesses often testify about what people Atypically@ or Acommonly@ do or which
evidentiary clues Atypically@ or Acommonly@ indicate that drug dealing is afoot.  Trial courts routinely allow this testimony,
and appellate courts routinely approve its use.[1]  Surely the law governing the
admissibility of evidence applies equally to both sides of the bar.

A defendant in a criminal
case has to be allowed to put on his defense, and the failure to allow adequate
cross-examination denies a defendant that right.[2]  For these reasons, I must respectfully
dissent from the majority=s holding
that the trial court did not err by limiting Appellant=s right to establish the foundation for his defense through
cross-examination of the arresting officer.  

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

 

DELIVERED:
October 13, 2005











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. '
1.07(8) (Vernon Supp. 2004-05).





[3]See Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v.
State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (both setting out legal
sufficiency standard of review).





[4]The
Confrontation Clause provides:  AIn
all criminal prosecutions, the accused shall enjoy the right . . . to be
confronted with the witnesses against him . . . .@  U.S.
Const. amend. VI; see Crawford v. Washington, 541 U.S. 36, 42,
124 S. Ct. 1354, 1359 (2004).





[5]Carroll
v. State, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996).





[6]Id.





[7]Montgomery
v. State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990).





[8]Manning
v. State, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).





[9]Id.





[10]Rice
testified that he used a headlock, rather than pepper spray or his baton,
because there were several small children and a baby present and the room in
which the struggle took place was small and crowded with furniture. 





[11]See Tex. R. Evid. 403 (providing that even
relevant evidence may be excluded if its probative value is substantially
outweighed by danger of confusion of issues or misleading jury).





[12]See Manning,
114 S.W.3d at 926.





[1]See,
e.g., State v. $11,014.00, 820 S.W.2d 783, 784 (Tex. 1991); Guy
v. State, 160 S.W.3d 606, 611 (Tex. App.CFort Worth 2005, pet. ref=d); State
v. Delagarza, 158 S.W.3d 25, 28 (Tex. App.CAustin
2005, no pet.).





[2]Fielder
v. State, 756 S.W.2d 309, 319-21 (Tex. Crim. App. 1988).















 [COMMENT1]

Majority Chief Justice Cayce

Dissent Justice Dauphinot