# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00214-CR

**State of Texas, Appellant**

**v.**

**Eloy Davila, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
### NO. 075347, HONORABLE LINDA ANN RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After searching Eloy Davila's home pursuant to a warrant, police arrested him and charged him with the offense of possession of two ounces or less of marijuana. The district court granted Davila's motion to suppress evidence obtained in the search, and the State appealed. Concluding that the affidavit supporting the application for the warrant provided the magistrate with a substantial basis for concluding that probable cause existed for the search, we reverse the suppression order and remand for further proceedings.

An affidavit for a search warrant is sufficient to support issuance of a warrant if, from the totality of the circumstances reflected in the affidavit, it provides the magistrate with a substantial basis for concluding that probable cause to conduct the search exists. *Serrano v. State*, 123 S.W.3d 53, 59 (Tex. App.—Austin 2003, pet. ref'd) (citing *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)).

The magistrate may issue a search warrant if the facts contained in the four corners of the affidavit and the reasonable inferences drawn therefrom justify the conclusion that the object of the search is probably on the premises at the time of the warrant's issuance. *State v. Delagarza*, 158 S.W.3d 25, 26 (Tex. App.—Austin 2005, no pet.) (citing *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986)). In determining whether there is a substantial basis for probable cause, the affidavit must be read in a common sense and realistic manner, and reasonable inferences may be drawn from the facts and circumstances contained within the four corners of the affidavit. *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006).

When reviewing a suppression order, we must determine whether the affidavit provided the magistrate with a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Gates*, 462 U.S. at 236, *cited by Delagarza*, 158 S.W.3d at 26. We give great deference to the magistrate's determination of probable cause. *Id.*; *Ramos v. State*, 934 S.W.2d 358, 363 (Tex. Crim. App. 1996). When a reviewing court is faced with a doubtful or marginal case in which it is difficult to determine if probable cause existed, the resolution should be largely determined by the preference to be accorded warrants. *Delagarza*, 158 S.W.3d at 29.

The warrant in this case was issued on August 16, 2004. It authorized the search of the residence located at 205 Buttercup Street in San Marcos and the arrest of Davila. We summarize the relevant portions of the probable cause affidavit as follows:

- Between 1998 and 2002, the Hays County Narcotics Task Force received information from confidential informants about illegal drug activity connected to Davila. These confidential informants notified the Task Force that Davila was distributing methamphetamine, marijuana, and cocaine.

- In November 2000, a confidential informant told the Task Force that Davila was a member of the Mexican Mafia, was extorting local businesses through the collection of "protection money," and received a kilogram of cocaine every Thursday from an unknown source.

- A search of Davila's previous residence, conducted by Task Force detectives on October 10, 2002, yielded evidence of illegal drug activity.

- Since the 2002 search, detectives with the Hays County Narcotics Task Force "have received continual intelligence information from various sources involving Davila," and believe that Davila moves frequently to avoid the police because he knows he is under investigation.

- In June 2004, the affiant (a 19-year officer with the San Marcos Police Department) received information from a Task Force confidential informant that Davila was residing at a trailer park on Post Road in San Marcos, Hays County, Texas. He went on to state that previous information provided by this particular informant has led to the seizure of illegal narcotics, namely cocaine, and arrests.

- Upon investigation of this information, the affiant located Davila's vehicle at 205 Buttercup in San Marcos, Hays County, Texas, and observed the vehicle at this location on several occasions thereafter.

- The affiant also conducted a criminal history check on Davila that revealed a prior drug conviction in 1992.

- On two separate occasions, the affiant retrieved and searched the discarded household trash left for collection outside the residence at 205 Buttercup. The first search, conducted on August 10, 2004, produced "numerous pieces (corners, knotted ends, etc.) of sandwich baggies. The sandwich baggies were cut, tied and manipulated in a manner that is consistent and common with the way narcotics traffickers and users package cocaine." The baggies were moist, as if they had been washed to remove traces of illegal substances. After several tests on the baggies, conducted by a chemist at the Texas Department of Public Safety Crime Lab, it was established that the baggies contained cocaine.

- The affiant conducted his second search of the trash at 205 Buttercup on August 16, 2004. It produced straws that had been cut in a manner consistent with that utilized by drug users who ingest cocaine using such shortened straws. Affiant conducted a field test on the straws and the test results were positive for cocaine.

3

We find that the affidavit, when read in a common sense and realistic manner, gave the issuing magistrate a substantial basis for determining that cocaine could be found at 205 Buttercup on August 16, 2004. The issuing magistrate, from the four corners of the affidavit, was aware of three things: (1) Davila's previous links to drug activity, shown by a prior drug conviction, Task Force investigations, and information provided by prior confidential informants; (2) information provided by a confidential informant, corroborated by the affiant's observance of Davila's vehicle at 205 Buttercup, indicating that Davila lived there; and (3) two separate searches of the trash at 205 Buttercup yielded drug-related paraphernalia testing positive for cocaine. These factors, viewed together, give rise to a substantial basis for believing probable cause existed for a search of the house.

At the pretrial hearing on the motion to suppress, Davila asserted that the affidavit did not justify a finding of probable cause because it relied on stale information. An affidavit must contain allegations of facts or acts that are closely related to the time of the issuance of the search warrant. *Serrano*, 123 S.W.3d at 61 (citing *Lopez v. State*, 535 S.W.2d 643, 648 (Tex. Crim. App. 1976)). This affidavit contains assertions that twice in the previous week the affiant found cocaine-tainted drug paraphernalia in the trash container outside the home—some of which appeared to have been rinsed to remove traces of cocaine. In this context, the "stale" information of previous conduct gives inferential support to the conclusion that a search of 205 Buttercup would reveal criminal wrongdoing. *See Delagarza*, 158 S.W.3d at 28-29 (although drug paraphernalia obtained in trash search at defendant's previous residence three months earlier was stale, it offered inferential support to magistrate's finding of probable cause to search current residence because defendant had been linked to both residences and other information indicated current drug-related activity).

4

Davila also argued that the trash searches do not provide a reliable basis for probable cause. Davila relies on a previous decision of this Court that acknowledged the danger of relying on a one-time search of garbage containers left outside for collection because such containers are readily accessible to the public, including neighbors or passers-by with overflow or undesirable trash and other "unwelcome meddlers." *Serrano*, 123 S.W.3d at 62 (quoting *California v. Greenwood*, 486 U.S. 35, 54 (1988)). In *Serrano*, we held that a substantial basis for probable cause did not arise based on an affidavit containing conclusory statements by a confidential informant that Serrano was dealing drugs, police records and observations that connected Serrano to the residence in question, and a one-time trash search revealing contents testing positive for marijuana. *Id*. at 62-63. This reasoning was echoed in a more recent case in which this Court again held that probable cause was lacking based on an affidavit that contained conclusory statements by a confidential informant that illegal drugs were possessed at the suspected residence, police observations of heavy traffic to the residence, and a report of drug traces found in a one-time search of the residence's garbage. *State v. Davila*, 169 S.W.3d 735, 740 (Tex. App.—Austin 2005, no pet.).

However, when an affidavit demonstrates that more than one search of the suspected residence's trash yields contents consistent with drug use and possession, we have sustained the magistrate's finding of probable cause. *Delagarza*, 158 S.W.3d at 29. In *Delagarza*, the police had received an anonymous "crime stoppers" tip asserting that the defendant was dealing drugs from a specified location. *Id*. at 27. In their investigation of this location, the police searched the residence's trash on four separate occasions. *Id*. at 27-28. We held that the contents testing positive for illegal drugs acquired by four separate searches of the suspected residence's trash confirmed the initial suspicions of the police and demonstrated probable cause. *Id*. at 29.

The case before us presents facts similar to those in *Delagarza* and is distinguishable from *Serrano* and *Davila*. As stated in the affidavit, on two separate occasions, searches of the trash at 205 Buttercup revealed contents consistent with the affiant's knowledge of prevalent techniques utilized by individuals dealing and using drugs (i.e., corners of plastic baggies and cut straws). In both instances, the recovered contents tested positive for cocaine. The timing of the searches is also relevant to our analysis. The first was conducted a week before the issuance of the warrant, and the second was conducted on the day the warrant was issued. The recovery of contents testing positive for cocaine in the trash at 205 Buttercup on two consecutive occasions confirmed the affiant's suspicion that Davila likely possessed illegal drugs at the residence. Because previous informants, police investigations, and one prior conviction link Davila to illegal drug use and activity, and the affidavit relies on two separate searches of the appellant's garbage, the dangers that we cautioned against in *Serrano* and *Davila* are not present here.

The assertions made in the affidavit, when viewed in their totality, provide a substantial basis for concluding that a search of 205 Buttercup would uncover evidence of wrongdoing. We reverse the district court's order granting the motion to suppress and remand the cause to that court for further proceedings.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Reversed and Remanded

Filed: February 23, 2007

Do Not Publish