Affirmed and Memorandum Opinion filed July 1, 2008








Affirmed and Memorandum Opinion filed July 1, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01127-CR 

NO. 14-06-01128-CR

____________

 

RUBEN GONZALEZ, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause Nos. 1049343
& 1049344

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Ruben Gonzalez, Jr., pleaded guilty to
possession with intent to deliver cocaine and methamphetamine.[1] 
Pursuant to a plea agreement with State, he was sentenced to eight years in the
Texas Department of Criminal Justice, Institutional Division.  Prior to
entering his pleas, appellant filed a motion to suppress evidence, which the
trial court denied.  In two issues, appellant argues the trial court erred in
denying his motion to suppress.  We affirm.

On December 5, 2005, Officer C.E. Smith, a narcotics
officer with the Houston Police Department, began conducting surveillance on
appellant and his residence.  The surveillance was conducted after Officer
Smith received information from a confidential informant that appellant was in
possession of large amounts of both cocaine and marijuana and routinely
trafficked in narcotics.  This informant had provided reliable information in
the past regarding narcotics investigations.  On the second day of
surveillance, officers observed appellant exit the residence from the attached
garage, place a black plastic trash bin at the curb, and leave his residence in
a truck.

Officer Smith retrieved a trash bag from the bin that
appellant had placed at the curb.  He detected an odor of marijuana coming from
the trash bag and, from the opening of the bag, saw marijuana residue.  Officer
Smith had smelled and observed marijuana on numerous occasions during previous
narcotics investigations.  He searched the bag and found three large plastic
wrappers with marijuana residue, one clear plastic bag with marijuana residue,
and two articles of mail in appellant=s name.

Constant surveillance was maintained on appellant=s vehicle after he
left the residence.  Officer Smith requested that the Department of Public
Safety initiate a stop after appellant was observed speeding.  After initiating
the stop, the State troopers detected a strong odor of marijuana emanating from
inside the truck.  Appellant admitted to smoking marijuana prior to being
stopped and further admitted he had a small amount of marijuana on his person,
which the troopers recovered.








On December 6, 2005, based on the above information, a search
warrant was issued by a magistrate, and a search of appellant=s home was
conducted.  The following items were seized from appellant=s residence:  280
grams of powder cocaine, 186 grams of marijuana, 30 grams of ecstasy, $7400,
two articles of mail, one photograph, one electronic currency counter, two
semi-automatic pistols with twenty-three live rounds, and one bullet-resistant
vest.

Before trial, appellant filed a motion to suppress all
evidence obtained as a result of the search.  The trial court denied the motion
to suppress, and this appeal followed.

In two issues, appellant claims the trial court erred in denying his motion
to suppress because the affidavit in support of the warrant did not establish
probable cause and, as a result, his rights under the Fourth and Fourteenth
Amendments to the United States Constitution and article 1, section 9 of the
Texas Constitution were violated.  Specifically, appellant maintains that probable
cause was lacking because the evidence supporting the search warrant was
limited to an anonymous, conclusory tip, corroborated by a single search of
trash left at the curb.

For a
search warrant to issue, the supporting affidavit must set forth Asufficient facts to establish
probable cause: (1) that a specific offense has been committed, (2) that the
specifically described property or items that are to be searched for or seized
constitute evidence of that offense . . . , and (3) that the property or items
constituting evidence to be searched for or seized are located at or on the
particular person, place, or thing to be searched.@  Tex.
Code Crim. Proc. Ann. art. 18.01(c) (Vernon Supp. 2007).  The test is Awhether a reasonable reading by the
magistrate would lead to the conclusion that the affidavit provided a >substantial basis for the issuance of
the warrant.=@ Rodriguez v. State, 232 S.W.3d 55, 60 (Tex. Crim.
App. 2007) (quoting Massachusetts v. Upton, 466 U.S. 727, 733 (1984)). 
Probable cause exists when, under the totality of the circumstances, Athere is a fair probability that
contraband or evidence of a crime will be found at the specified location.@  Id.








In
reviewing a magistrate=s decision to issue a warrant, both the trial court and
appellate courts apply a Ahighly deferential standard in keeping with the
constitutional preference for a warrant.@ Id. at 61 (citing Illinois
v. Gates, 462 U.S. 213, 236 (1983)).  The appellate court should interpret
the affidavit in realistic manner with common sense and should defer to all
reasonable inferences the magistrate could have made.  Id.

In this
case, the affidavit stated that information that appellant was in possession of
both cocaine and marijuana was received from a credible and reliable informant. 
Further, based on this information, surveillance was conducted on appellant and
his residence for two days.  On the last day of surveillance, appellant was
seen placing at the curb a trash bin containing several items with marijuana
residue.  The warrant was issued and executed that same day.

Later
that same day, appellant was pulled over for speeding.  During the stop,
officers smelled marijuana coming from inside appellant=s truck, and appellant admitted to
having smoked marijuana earlier and to having a small amount of marijuana on
his person, which was recovered at the scene.  Therefore, under the totality of
the circumstances, the magistrate could have believed there was a fair
probability that contraband would be found at appellant=s residence.  See Rodriguez,
232 S.W.3d at 60.

Appellant
argues that the information officers received from the informant in this case,
coupled with a one-time search of appellant=s garbage, is insufficient to
establish probable cause.  In so arguing, appellant relies on three cases from
the Austin Court of Appeals:  Serrano v. State, 123 S.W.3d 53 (Tex. App.CAustin 2003, pet. ref=d), Delagarza v. State, 158
S.W.3d 25 (Tex. App.CAustin 2005, no pet.), and Davila v. State, 169
S.W.3d 735 (Tex. App.CAustin 2005, no pet.).  In Serrano, the appellate
court found probable cause to be lacking based on an affidavit containing
conclusory statements by a confidential informant, police records and
observations that connected the defendant to the residence in question, and a single
trash search revealing contents testing positive for marijuana.  Serrano,
123 S.W.3d at 62B63.  Similarly, in Davila, the court relied upon its
previous holding in Serrano in finding insufficient probable cause based
on a single search of a trash bag that was readily accessible to the public.  Davila,
169 S.W.3d at 739B40.








In Delagarza,
the police received two anonymous tips asserting that the defendant was dealing
drugs.  Delagarza, 158 S.W.3d at 27.  During their investigation, the
police searched the residence=s trash on four separate occasions.  Id. at 27B28.  The appellate court
distinguished its previous holding in Serrano, noting that the four
separate searches of the trash, where considerable evidence of drug dealing and
use was discovered, was sufficient to corroborate the information police had
received.  Id. at 29.

Like the
Delagarza court, we find Serrano to be distinguishable.  Here,
although the case involves the search of trash left at a curb, the officers
actually saw appellant place the trash at the curb the same day the trash was
searched and while the residence was under constant surveillance.  Thus, the
concern noted by the court in Serrano regarding Agarbage cans left at the curb for
collection [being] frequently accessible to the members of the public@ is not present in this case. 
Serrano, 123 S.W.3d at 62; see also Davila, 169 S.W.3d at 739B40.  Accordingly, the magistrate
could have reasonably inferred from the affidavit that no one else had access
to appellant=s trash between the time he was seen pulling it from his garage and the
point at which Officer Smith discovered the marijuana residue inside the trash
bag.

In
addition to the incriminating evidence found in appellant=s trash, appellant was found to be in
possession of marijuana after he was stopped for speeding.  This incident
occurred the same day he was seen placing the trash bin containing marijuana
residue at the curb of his residence.  Appellant argues that this additional
fact does not make it more probable that drugs would be found in his
residence.  We disagree.  The magistrate could have considered this additional
evidence and determined that possessing marijuana on his person the same day
appellant was observed taking out his trash containing marijuana residue
increased the probability that marijuana would be located at his residence.








The magistrate, in reviewing the affidavit, had a
substantial basis for finding that probable cause existed to support the
issuance of the search warrant.  Therefore, the trial court did not err in
overruling appellant=s motion to suppress.  Accordingly, we overrule
appellant=s two issues and affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 1, 2008.

Panel consists of
Justices Yates, Guzman, and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant was also charged with possession of
marijuana.  This charge was dismissed pursuant to his plea agreement with the
State.