Opinion filed July 15, 2010



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00051-CR

_____

## JAMES LEVERN GORDON, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16085B**

## M E M O R A N D U M   O P I N I O N

After the denial of his motion to suppress, James Levern Gordon entered an open plea of guilty to the offense of possession of more than 400 grams of cocaine with the intent to deliver. The trial court convicted appellant and assessed his punishment at confinement for life and a fine of $100,000. We affirm.

In his sole issue on appeal, appellant contends that the trial court erred in denying his motion to suppress the evidence because the affidavit in support of the search warrant was inadequate. The cornerstone of the Fourth Amendment and its Texas equivalent is that a

magistrate shall not issue a search warrant without first finding probable cause that a particular item will be found in a particular location. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). Probable cause exists when, under the totality of the circumstances, there is a "fair probability" that contraband or evidence of a crime will be found at the specified location. *Id.* A magistrate's determination to issue a search warrant is subject to the deferential standard of review articulated in *Illinois v. Gates*, 462 U.S. 213 (1983), and *Johnson v. State*, 803 S.W.2d 272 (Tex. Crim. App. 1990). *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). We must give deference to a magistrate's determination of probable cause and affirm that decision "so long as the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing." *Swearingen*, 143 S.W.3d at 810.

In this case, a search warrant was issued for the residence located at 802 Eastover Drive in Abilene. The affidavit in support of the search warrant reflects that Officer Chris Smith received information from a credible, reliable confidential informant that Debra Ann Vernon was distributing crack cocaine and that the informant had seen Vernon in possession of several pieces of crack cocaine. Officer Smith verified that Vernon resided at 802 Eastover Drive in Abilene and, along with other officers, set up surveillance of that residence. Officer Smith believed that appellant lived at the residence with Vernon. The officers retrieved trash bags from the receptacle located in the alley behind the residence. Inside the trash bags were receipts belonging to Vernon and appellant, a burnt marihuana cigar, and a plastic sandwich bag containing two pieces of plastic with cocaine residue on them. The affidavit also indicated that appellant and Vernon had outstanding warrants from Georgia for trafficking cocaine.

We hold that the trial court did not abuse its discretion in determining that probable cause existed for the issuance of the search warrant. Although the affidavit did not indicate when the confidential informant saw Vernon in possession of cocaine, it did give specific dates and times related to the officers' surveillance of the residence. The dates on the receipts found in the trash were recent, and the search warrant was issued the day after the officers found the contraband in the trash. Thus, contrary to appellant's contention, the information was not stale as it was based not merely upon the informant's information but upon the officers' investigation. The magistrate had a substantial basis for concluding that it was reasonably likely that a search of the house would uncover evidence tending to show that the occupants were guilty of possession of cocaine or marihuana. *See Davis v. State*, 202 S.W.3d 149 (Tex. Crim. App. 2006); *Swearingen*, 143

S.W.3d at 811; *State v. Delagarza*, 158 S.W.3d 25 (Tex. App.—Austin 2005, no pet.). Appellant's issue is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT

CHIEF JUSTICE

July 15, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.