Opinion filed July 15,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00051-CR 

                                                    __________

 

                             JAMES
LEVERN GORDON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 16085B

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            After
the denial of his motion to suppress, James Levern Gordon entered an open plea of
guilty to the offense of possession of more than 400 grams of cocaine with the
intent to deliver.  The trial court convicted appellant and assessed his
punishment at confinement for life and a fine of $100,000.  We affirm.

            In
his sole issue on appeal, appellant contends that the trial court erred in
denying his motion to suppress the evidence because the affidavit in support of
the search warrant was inadequate.  The cornerstone of the Fourth Amendment and
its Texas equivalent is that a magistrate shall not issue a search warrant
without first finding probable cause that a particular item will be found in a
particular location.  Rodriguez v. State, 232 S.W.3d 55, 60 (Tex. Crim.
App. 2007).  Probable cause exists when, under the totality of the
circumstances, there is a “fair probability” that contraband or evidence of a
crime will be found at the specified location.  Id.  A magistrate’s
determination to issue a search warrant is subject to the deferential standard
of review articulated in Illinois v. Gates, 462 U.S. 213 (1983), and Johnson
v. State, 803 S.W.2d 272 (Tex. Crim. App. 1990).  Swearingen v. State,
143 S.W.3d 808, 811 (Tex. Crim. App. 2004).  We must give deference to a magistrate’s
determination of probable cause and affirm that decision “so long as the
magistrate had a substantial basis for concluding that a search would uncover
evidence of wrongdoing.”  Swearingen, 143 S.W.3d at 810.  

            In
this case, a search warrant was issued for the residence located at 802
Eastover Drive in Abilene.  The affidavit in support of the search warrant
reflects that Officer Chris Smith received information from a credible,
reliable confidential informant that Debra Ann Vernon was distributing crack
cocaine and that the informant had seen Vernon in possession of several pieces
of crack cocaine.  Officer Smith verified that Vernon resided at 802 Eastover
Drive in Abilene and, along with other officers, set up surveillance of that
residence.  Officer Smith believed that appellant lived at the residence with
Vernon.  The officers retrieved trash bags from the receptacle located in the
alley behind the residence.  Inside the trash bags were receipts belonging to
Vernon and appellant, a burnt marihuana cigar, and a plastic sandwich bag
containing two pieces of plastic with cocaine residue on them.  The affidavit
also indicated that appellant and Vernon had outstanding warrants from Georgia
for trafficking cocaine.  

            We
hold that the trial court did not abuse its discretion in determining that
probable cause existed for the issuance of the search warrant.  Although the
affidavit did not indicate when the confidential informant saw Vernon in
possession of cocaine, it did give specific dates and times related to the
officers’ surveillance of the residence.  The dates on the receipts found in
the trash were recent, and the search warrant was issued the day after the
officers found the contraband in the trash.  Thus, contrary to appellant’s
contention, the information was not stale as it was based not merely upon the
informant’s information but upon the officers’ investigation.  The magistrate
had a substantial basis for concluding that it was reasonably likely that a
search of the house would uncover evidence tending to show that the occupants
were guilty of possession of cocaine or marihuana.  See Davis v. State,
202 S.W.3d 149 (Tex. Crim. App. 2006); Swearingen, 143 S.W.3d at 811; State
v. Delagarza, 158 S.W.3d 25 (Tex. App.—Austin 2005, no pet.).  Appellant’s
issue is overruled.  

            The
judgment of the trial court is affirmed.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

July 15, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.