ACCEPTED
06-14-00239-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/22/2015 10:09:39 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00239-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/23/2015 8:50:00 AM
DEBBIE AUTREY
Clerk

## IN THE COURT OF APPEALS

## SIXTH DISTRICT

## AT TEXARKANA, TEXAS

MARK EUGENE ENGLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

APPEAL IN CAUSE NUMBERS 29,110

IN THE 354TH JUDICIAL DISTRICT COURT

OF HUNT COUNTY, TEXAS

BRIEF FOR APPELLANT

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Appellant and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of his request for the judgment of conviction to be overturned in Cause No. 29,110.

Appellant Requests Oral Argument

# IDENTITY OF PARTIES AND COUNSEL

Appellant's Attorney:
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403-0011

Appellant's Trial Attorney:
Katherine A. Ferguson
P.O. Box 21
2900 Lee St., Suite 102
Greenville TX, 75403

Appellee:
The State of Texas by and through
Noble Walker
Hunt County District Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

Appellee's Trial Counsel:
Steven Lilley
Hunt County District Attorney's Office
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# TABLE OF CONTENTS

Identity of the Parties and Counsel ..............................................................2

Table of Contents .......................................................................................3

Index of Authorities ...................................................................................4

Statement of the Case ...............................................................................6

Issue Presented...........................................................................................7

Statement of the Facts................................................................................8

Argument and Authorities ..........................................................................9

**Issue Number One**..............................................................................9

The trial court erred by denying Appellant's motion to suppress evidence

Prayer for relief ...................................................................................... 18

Certificate of Word Count............................................................................19

Certificate of Service..................................................................................19

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Illinois v. Gates*, 462 U.S. 213, 236 (1983)...............................................9

*Jones v. United States*, 362 U.S. 257, 271 (1960). ...................................10

**STATE CASES:**

*Bass v. State* 64 S.W.3d 646 (Tex.App. —Texarkana 2001).....................10

*Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007). ...................10

*Coats v, State*, 815 S.W.2d 715 (Tex.Crim. app. 1991) ...........................13

Crider v. State, 352 S.W.3d 704, 707 (Tex. Crim. App. 2011)...................10

*Elardo v. State*, 163 S.W.3d 760 (Tex. App.-Texarkana 2005, pet. ref'd)..11

*Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007). .....................10

*Hernandez v. State,* 60 S.W.3d 106 (Tex. Crim. App. 2001) ....................15

*Taunton v. State*, ___ S.W. 3d ____(Tex. App.-Texarkana 2015) ...............9

*Rodriguez v. State*, 232 S.W.3d 55, (Tex. Crim. App. 2007) ......................9

*State v. Ballard,* 987 S.W.2d 889, 891 Tex.Crim.App.1999).....................10

*State v. Delagarza*, 158 S.W.3d 25 (Tex. App.-Austin 2005, no pet.)........12

*State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011) ...................9

*State v. Ross,* 32 S.W.3d 853, 856 (Tex.Crim.App.2000) ..........................10

*Swearingen v. State*, 143 S.W.3d 808 (Tex. Crim. App. 2004)....................9

**STATE STATUTES:**

Tex. Code Crim. Proc. Ann. art. 18.01(c) (Casemaker 2015) .................... 12

Tex. R. App. P. 44.2(a) (Casemaker 2015) .............................................. 16

## STATEMENT OF THE CASE

This is an appeal of and sentence in criminal case for the 354th Judicial District, in Hunt County, Texas. Appellant was convicted Manufacturing and Delivery of a Controlled Substance Penalty Group 1 More than Four Grams but less than 200 Grams. After Appellant's motion to suppress the evidence was denied by the trial court, Appellant Plead Guilty. Appellant was assessed a sentence Life Imprisonment on October 1, 2014 by a Jury. Notice of appeal was given on October 3, 2014. The clerk's record was filed November 10, 2014. The reporter's record was filed on February 11, 2014.

**ISSUE PRESENTED**

**ISSUE ONE:**

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE

**STATEMENT OF THE FACTS**

On December 7, 2012 an alleged victim to a sexual assault apparently through another person contacted Greenville PD and a report was made by an officer Petrea. The report was made into an affidavit in support of a search warrant by and sworn to by affidavit Felicia White in front of the former Judge Steven Tittle of the 196th District Court. (RR Vol. 22, Joint Exhibit 1.)

Throughout the affidavit, the Affiant White, refers to the alleged facts known to her only through a report appearing to be made by Petrea. Most every sentence referring to an alleged sexual assault begins with "Said report states." Then the White described the facts she apparently read from another officer.

White stated that, "Jane Doe could not go into detail about the assault. (RR Vol. 22, Joint Exhibit 1. p.3).

After a hearing the trial court in denied appellant's Motion to suppress and made findings stating it considered the totality of the circumstances there was probable cause within the four corners of the Application for Search warrant to issue to search for sexual assault. (CR Vol. 1 p. 90) The trial court made a formal order denying the motion to suppress on September 11, 2014. (CR Vol. 1p.94).

# ARGUMENT

**Issue One:** The trial court erred by denying Appellant's motion to suppress evidence.

The United States and Texas Constitutions guarantee the right of the people to be secure against unreasonable searches of their persons, houses, papers, and effects. U.S. Const. amend. IV; Tex. Const. art. I, § 9. As an exception to the general rule articulated by the Texas Court of Criminal Appeals an issuing magistrate's decision to grant an application for a search warrant should be reviewed with a deferential standard of review. *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).

The deferential review "encourage[s] police officers to use the warrant process rather than making a warrantless search and later attempting to justify their actions by invoking some exception to the warrant requirement." *Rodriguez v. State*, 232 S.W.3d 55, 59–60 (Tex. Crim. App. 2007). Courts have found that affidavits for arrest or search warrants should be interpreted in a "'common sense and realistic manner, '" and once a magistrate has found probable cause, warrants should not thereafter be invalidated through a "hypertechnical" interpretation of their supporting affidavits. *Illinois v. Gates*, 462 U.S. 213, 236 (1983); Crider v. State, 352 S.W.3d 704, 707 (Tex. Crim. App. 2011).

Courts can sustain the issuance of the warrant if "the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." *Gates*, 462 U.S. at 236 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).

Yet, Courts do not grant that same degree of deference to a reviewing trial court. Courts review the trial court's ruling on a motion to suppress by an abuse of discretion standard. *Bass v. State* 64 S.W.3d 646 (Tex.App. —Texarkana 2001). In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimonies. Courts view the evidence in the light most favorable to the trial court's ruling, *State v. Ballard,* 987 S.W.2d 889, 891 Tex.Crim.App.1999), and afford almost total deference to the trial court's determination of historical facts which the record supports, especially when the fact findings are based on an evaluation of the witnesses' credibility and demeanor. *State v. Ross,* 32 S.W.3d 853, 856 (Tex.Crim.App.2000).

This Court stated in *Taunton v. State,* a motion to suppress is normally reviewed based on a bifurcated standard which (1) grants deference to the trial court's determinations of historical facts that are based on an evaluation of credibility and (2) reviews de novo the trial

court's application of the law. *Taunton v. State*, ___ S.W. 3d ____(Tex. App.-Texarkana 2015), citing *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

"However, when the trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit." *Id.* "Because probable cause to support the issuance of the warrant is determined from the 'four corners' of the affidavit alone, there are no credibility choices to be made by the trial court,"

The review of the trial court's ruling is then de novo. *Elardo v. State*, 163 S.W.3d 760, 765 (Tex. App.-Texarkana 2005, pet. ref'd).

To justify the issuance of a search warrant, the supporting affidavit must set forth facts sufficient to establish probable cause:  (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.  Tex. Code Crim. Proc. Ann. art. 18.01(c) (Casemaker 2015).

The facts alleged in the affidavits "must be sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued." *State v. Delagarza*, 158 S.W.3d 25, 26 (Tex. App.-Austin 2005, no pet.). The determination of the sufficiency of an arrest or search warrant is limited to the four corners of the affidavit. *Tauton* "The issue is not whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that are in the affidavit, not those that are omitted from the affidavit." *Rodriguez*, 232 S.W.3d at 62.

**Affidavit insufficient under its "Four Corners"**

In the case at bar the affiant, did not give sufficient facts to justify the issuance of a search warrant. It clear that the affiant attempted to show the affidavit was based upon her training and experience as an officer when she stated her training an education. (RR Vol. 22, Joint Exhibit 1. p.2). Yet, in actuality the a statement of officer Petrea's experience would have been more appropriate. Once more, there is no clear indication that White's training and experience she was able to determine that Petrea made an investigation that resulted in reliable evidence, or even that she knew his experience and training would have led him to obtain reliable information. either based on her personal experience of Officer Petrea.

Here, one cannot discern from the four corners of the affidavit that entry in the hotel room will further the investigation. The trial court erred that

There is no indication that the information provided by Jane Doe is reliable for any reason. The facts presented little corroboration nor was there evidence of precious reliable information. Based on these facts Jane Doe acted similar to a confidential informant. Courts have found there was no probable cause when informant known to the officer only three weeks and the evidence provided offered very little corroboration or evidence of previous reliable information. *Coats v, State*, 815 s.w.2d 715 (Tex.Crim. app. 1991). Once more there is no clear indication in the four corners of the affadavit that Appellant did any of the sexual acts without the consent of Jane Doe. Affiant White stated in here affidavit she also apparently spoke with a person named Holly Robinson, the executive Director of the Crisis Center of Northeast Texas. (RR Vol. 22, Joint Exhibit 1. p.4). There is no indication that Robinson had any experience or even ben with the center for any period of time. Again White stated in her affidavit certain sex acts but there is no indication that those acts were done against the consent of Jane Doe.

**Suppression under Franks v. Delaware**

At the motion to suppress hearing the evidence came to light that rose to that the Officers had a reckless disregard for the truth. Appellant's trial attorney had the following exchange with the affiant:

> Q:Y'all have absolutely no idea about her history, her truthfulness or lack thereof, correct?
> A :Correct.
> Q :She spins a tale for you and you fill out an affidavit for a search warrant, correct?
> A: Yes.

(RR Vol. 17 p.18-19). Affiant White even admitted she had only done 3 or 4 search warrants before, and does not normally do them. (RR Vol. 17 p. 32). White stated relative inexperience despite stating in her affidavit she has experience and received additional training that included sexual assault investigation. Jane Doe was a transient person and not someone known to the local police. (RR Vol. 17 p.18). White or even the police department was able to corroborate anything from before the affidavit was made. (RR Vol.17 p.14).

Under *Franks v. Delaware*, a defendant who makes a substantial preliminary showing that a false statement was made in a warrant affidavit knowingly and intentionally, or with reckless disregard for the truth, may be entitled by the Fourth Amendment to a hearing, on the defendant's request. This hearing is required only where the false statement is essential to the

14

probable cause finding. If at the hearing the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, the affidavit's false material is set aside. If the remaining content of the affidavit does not then still establish sufficient probable cause, the search warrant must be voided and the evidence resulting from that search excluded   *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007).

After the above testimony was elicited from the White it clear that the affidavit was made with reckless disregard for the truth.  Therefore the evidence should have been suppress and his conviction should be overturned.

**Constitutional Error**

The erroneous admission of evidence over a Fourth Amendment objection is a constitutional error, and reversal is required unless the appellate court determines beyond a reasonable doubt that the error did not contribute to the conviction. *Hernandez v. State,* 60 S.W.3d 106, 106 n.1 (Tex. Crim. App. 2001 )

The reviewing court must reverse the conviction if there is a reasonable possibility that the error, within the context of the trial, moved the jury from acquitting the defendant to convicting him. *Davis v.State* addition to the caselaw, courts are directed by Rule 44.2(a) of the Texas

Rules of Appellate Procedure. It states: If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. Tex. R. App. P. 44.2(a) (Casemaker 2015).

In making this determination, the appellate court must consider the entire record and weigh the following factors: "(1) the importance of the [complained-of] evidence to the State's case; (2) whether the . . . evidence was cumulative of other evidence; (3) the presence or absence of other evidence corroborating or contradicting the [complained-of] evidence, . . .; (4) the overall strength of the State's case"; and (5) any other factor in the record that affects the probable impact of the error. *Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007) (citing *Davis v. State* , 203 S.W.3d 845).

In this case the evidence of the methamphetamine is the only contraband complained of in his indictment. Admittedly here the Appellant plead guilty to the crime, but it was only after the trial court overruled his motion to suppress. Without the methamphetamine there is no other valid of admissible evidence to convict the Appellant. The trial court did note

even get to the issue of an admissibility of statements made by defendant because it was a case conceding position of contraband found in Appellants hotel room. Therefore the error contributed to the plea of guilty and conviction of Appellant.

## **PRAYER FOR RELIEF**

Wherefore, premises considered, Appellant respectfully prays that his conviction in the above entitled and numbered cause be reversed and acquit him. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,

Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX 75403-0011

Attorney for the Appellant

## CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellant's Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 1,985 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.

Jason A. Duff
Attorney for the Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Hunt County District Attorney Noble D. Walker, Jr., P.O. Box 1097, Greenville, Texas 75403, on this the 22nd day of July, 2015, by hand and to the Court of Appeals in Texarkana via Electronic Filing.

Jason A. Duff
Attorney for the Appellant