**The STATE of Texas, Appellant,**

**v.**

**Samuel Scott RAYMER, Appellee.**

**No. 05–88–01400–CR.**

Court of Appeals of Texas, Dallas.

Jan. 30, 1990.

David Waddill, McKinney, for appellant.

Scott M. Anderson, Dallas, for appellee.

Before STEWART, LAGARDE and BURNETT, JJ.

OPINION ON MOTION FOR REHEARING

BURNETT, Justice.

The November 20, 1989, opinion of this Court is withdrawn, and the following is now the opinion of this Court. The State's motion for rehearing is granted.

The State appeals the trial court's decision to suppress evidence seized in a search of appellee's residence. In its sole point of error, the State contends that the trial court erred in suppressing evidence that

was seized pursuant to a search warrant based upon probable cause. We agree and for the reasons discussed herein, reverse the trial court's judgment.

On November 13, 1987, a magistrate issued a search warrant for a house at 4001 Eagle Pass in Plano. Plano Police officers conducted a search of the house the same day and found anabolic steroids. Appellee, a resident of the house, was charged with illegal possession of anabolic steroids.

The search warrant issued was based upon the affidavit of Plano Police Officer Frank McElligott. This affidavit states in relevant part:

A. Affiant is a police officer for the City of Plano, Texas, Police Department assigned to the Criminal Investigation Division as Narcotics Investigation Sergeant.

B. Affiant, as part of an ongoing investigation of [appellee and other residents of the house], supervised the collection of trash from [appellee's residence].

C. Trash was collected from [appellee's] residence on the following dates: 07/07/87, 07/17/87, 08/11/87, 08/28/87, and 11/13/87.

D. Used hypodermic needles and syringes were discovered in said trash on each of the said dates.

E. On 08/28/87 a vial containing the anabolic steriod [sic] Nandrolene was recovered from the trash of [appellee's] residence.

F. On 08/28/87 a number of papers were recovered from the trash of said residence which contain notations reflecting the sale of anabolic steriods [sic] and human growth hormones indicating that [appellee and other persons living at the residence] were engaged in a sale of said dangerous drugs to persons unknown to Affiant.

G. On 11/13/87 a vial containing Pregnyl, a human growth hormone, and a manufacturer's box that would contain said vial, were recovered from the trash of said residence. The vial contains the legend: "CAUTION: Federal (USA) law prohibits dispensing without prescription." No prescription was found in the trash on any of the dates listed above. No prescription lable [sic] was found on either the vial or the box.

In his affidavit, Officer McElligott also states that, based upon his knowledge of the contents of the trash searched by the police, he believed that the residents of the house possessed and delivered illegal drugs. The trash that was searched by police was in bags located in an alley behind appellee's house. The affidavit was silent as to when the trash bags were placed behind the house. The trial court, in granting appellee's motion to suppress the evidence, held that the search warrant was based on information too far removed in time to have been properly considered and that there was insufficient probable cause to believe that illegal drugs were more likely than not to be in the house.

In its sole point of error, the State contends that the trial court erred in suppressing the evidence because there was sufficient probable cause to support the issuance of the search warrant. A search warrant may not be issued unless it is based upon probable cause. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9; TEX.CODE CRIM.PROC.ANN. art. 18.01(b) (Vernon Supp.1990); *Tolentino v. State*, 638 S.W.2d 499, 501 (Tex.Crim.App. [Panel Op.] 1982). To establish probable cause, the affidavit must show facts and circumstances within the affiant's knowledge, arising from a reasonably trustworthy source, to warrant a person of reasonable caution to believe that the items sought are located at the place where it is proposed to search. *Bower v. State*, 769 S.W.2d 887, 902 (Tex. Crim.App.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989). This determination is made by considering the totality of the circumstances set forth in the affidavit to arrive at a practical, common sense decision as to whether there is a fair probability the items will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Eisenhauer v. State*,

754 S.W.2d 159, 164 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 109 S.Ct. 127, 102 L.Ed.2d 101 (1988). However, mere belief or suspicion is not sufficient to sustain the issuance of the search warrant. *Ware v. State,* 724 S.W.2d 38, 40 (Tex.Crim.App. 1986).

As an appellate court, we must determine whether the information in the affidavit provided the magistrate with a substantial basis for issuing the search warrant. *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331; *Bower,* 769 S.W.2d at 902. The affidavit of Officer McElligott states that the police searched the trash behind appellee's residence on five separate occasions and that they found hypodermic needles and syringes on each occasion, anabolic steroids on one occasion, and human growth hormones on another occasion. The affidavit also states that during the search of the trash on August 28, 1987, the police found papers indicating that appellee and others living in the house were engaged in the sale of anabolic steroids and human growth hormones. A search warrant affidavit must be read in a common sense and realistic manner, and reasonable inferences may be drawn from the facts and circumstances of the four corners of the affidavit. *Cassias v. State,* 719 S.W.2d 585, 587–88 (Tex.Crim. App.1986); *Winkles v. State,* 634 S.W.2d 289, 298 (Tex.Crim.App.1982) (as adopted on reh'g).

The affidavit reveals an ongoing police investigation. Papers containing notations of drug sales involving appellee, found along with anabolic steroids during the search of the trash on August 28, 1987, provided a direct link between the drugs in the trash and appellee's house. Also, the day that the search warrant was issued, the police had searched the trash and again had found drugs and drug paraphernalia, including a vial containing a human growth hormone.

We conclude that the totality of the circumstances set forth in the affidavit provided the magistrate a substantial basis for determining that illegal drugs were probably in appellee's house. The trial court erred in granting appellee's motion to suppress.

We sustain the State's sole point of error. We reverse the order granting the motion to suppress and remand the cause to the trial court.