MEMORANDUM OPINION


No. 04-04-00344-CR


Jessie Ray ROSE, 

Appellant


v.


The STATE of Texas,

Appellee


From the 216th Judicial District Court, Kerr County, Texas

Trial Court No. A03-219

Honorable Stephen B. Ables, Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis Speedlin, Justice


Delivered and Filed: January 5, 2005


AFFIRMED



 Defendant, Jessie Ray Rose, was charged by indictment with the offense of possession of a
controlled substance with intent to deliver. Defendant filed a pre-trial motion to suppress, which the
trial court denied. Defendant subsequently pled guilty and was sentenced to eight years' confinement
in accordance with a plea agreement. On appeal, defendant challenges the trial court's denial of his
motion to suppress asserting the search warrant affidavit lacked probable cause. We disagree and
affirm the trial court's judgment.

STANDARD OF REVIEW

 When reviewing a trial court's decision on a motion to suppress evidence based on a claim
that the search warrant was not based on probable cause, we apply a bifurcated standard of review.
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to the
trial court's determination of historical facts, reviewing the trial court's application of the law de
novo. Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002). The trial court is to look
to the "totality of the circumstances" as contained within the four corners of the affidavit. Illinois
v. Gates, 462 U.S. 213, 230-31, 103 S. Ct. 2317, 2332, 76 L. Ed. 527 (1983). In this review, we
are to determine whether there is a fair probability, not an actual showing, that contraband or
evidence of a crime will be found in a particular place in light of the totality of the facts set forth in
the affidavit. Id.; Hennessey v. State, 660 S.W.2d 87, 89 (Tex. Crim. App. 1983). If the affidavit
meets this "totality of the circumstances" test, we must overrule defendant's complaint. Sadler v.
State, 905 S.W.2d 21, 22 (Tex. App.--Houston [1st Dist.] 1995, no pet.). 

ANALYSIS

 In his sole point of error, defendant challenges the overall sufficiency of the search warrant.
Defendant asserts the search warrant was issued without probable cause because 1) the information
contained in the affidavit was stale and conclusory; 2) the affidavit fails to allege any information
linking narcotics to his residence; and 3) the affidavit is deficient for failing to demonstrate the
credibility or veracity of the source of information contained within the affidavit. 

SEARCH WARRANT AFFIDAVIT

 James Hicks, a Kerr County Sheriff's Department Investigator assigned to the 216th Judicial
District Task Force, applied for a warrant to search defendant's residence. Hicks attached his
affidavit which cites sources of information, including several informants as well as a fellow officer,
Sergeant Jeff McCoy, a deputy with the Kerr County Sheriff's Department. Sergeant McCoy lived
across the street from defendant. In his affidavit, Hicks presented the basis for his belief that
defendant was in possession of narcotics by stating the following: 1) McCoy observed "large amounts
of vehicle traffic" at defendant's residence with the vehicles making shorts stops of five to seven
minutes; 2) McCoy observed defendant making "hand to hand" transactions with the occupants of
the vehicles; 3) McCoy stated this vehicular traffic occurs on a daily basis, but is more frequent on
Friday and Saturdays; 4) on January 30, 2003, McCoy conducted a traffic stop involving a vehicle
he had previously observed at defendant's residence, and found the driver in possession of marihuana
and a note in the driver's pocket with defendant's telephone number; 5) on February 21, 2003,
investigating officers with the Narcotics Task Force searched defendant's trash that had been placed
curbside in front of defendant's house and found suspected marihuana seeds, stems, and what
appeared to be packaging material that contained suspected marihuana residue in defendant's
garbage; and 6) on February 27, 2003, McCoy again observed a large amount of traffic coming and
going from defendant's residence. 

 Defendant first asserts the information contained in the search warrant affidavit was stale
because the acts attested to are not closely related to the time of issuance of the search warrant. To
justify a magistrate's finding that an affidavit is sufficient to establish probable cause, the facts set out
in the affidavit must not have become stale by the time the magistrate issues the search warrant.
Hafford v. State, 989 S.W.2d 439, 440 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). The
proper method to determine whether the facts supporting a search warrant have become stale is to
examine, in light of the type of criminal activity involved, the time elapsing between the occurrence
of the events set out in the affidavit and the time the search warrant was issued. Id. When an
affidavit indicates activity of a protracted and continuous nature, the passage of time becomes less
significant. Lockett v. State, 879 S.W.2d 184, 189 (Tex. App.--Houston [14th Dist] 1994, pet.
ref'd). 

 Here, the affidavit states an initial search warrant was issued after investigators found the
suspected marihuana seeds, stems, and packaging material in defendant's trash on February 21, 2003.
However, the search was delayed because on February 22nd, McCoy informed Hicks that he
observed defendant waving off traffic from stopping at his residence. On February 25th, McCoy
again observed traffic at defendant's residence, but due to severe weather, the warrant could not be
executed and the search warrant expired. When McCoy informed Hicks that he observed the same
pattern of traffic and activity at defendant's residence on February 26th and 27th, Hicks obtained the
second search warrant on February 28th. We believe the lapse in time between when the facts stated
by McCoy occurred and the time the warrant was issued is not significant, particularly in light of
Hicks' affidavit indicating activity of a "protracted and continuous nature." 

 The defendant next contends statements in the affidavit were conclusory in nature and not
specific enough to support probable cause to issue the warrant. Specifically, defendant argues the
statements in the affidavit regarding the vehicle traffic at his residence fails to specify when the traffic
was seen or what constitutes a "large amount of traffic." However, conclusory statements do not
invalidate a supporting affidavit if the remaining, non-conclusory portions of the affidavit provide
probable cause. See Massey v. State, 933 S.W.2d 141, 147-48 (Tex. Crim. App. 1996). Regardless
of any conclusory statements that may have been in the affidavit, the non-conclusory statement that
an examination of the defendant's trash resulted in the discovery of suspected marihuana seeds, stems
and packaging that contained marihuana residue provided sufficient probable cause to support the
issuance of the search warrant. See State v. Raymer, 786 S.W.2d 15, 17 (Tex. App.--Dallas 1990,
no pet.). 

 Defendant further claims there is no link establishing a connection between any narcotics and
his residence, and the items found in his trash and recovered from the traffic stop did not develop
probable cause because there was no evidence that the items came from his residence. Defendant's
argument fails to recognize the search warrant affidavit reveals the search of his trash yielded not only
suspected marihuana seeds, stems, and packaging material with suspected marihuana residue, but also
discarded mail addressed to defendant. This information, coupled with McCoy's report that he
observed heavy vehicular traffic at defendant's residence and the driver involved in the traffic stop
was in possession of marihuana and the defendant's phone number, provided the magistrate with
substantial evidence to conclude there was a fair probability that narcotics would be found at
defendant's residence. See Hafford, 989 S.W.2d at 440-41 (inordinate amount of foot and vehicular
traffic in area of appellant's residence is an indication of narcotics activity that served as factor
providing probable cause for search warrant); Nilson v. State, 106 S.W.3d 869, 875 (Tex.
App.--Dallas 2003, no pet.) (under totality of circumstances, officer's affidavit detailing drug-related
paraphernalia, drug residue, and appellant's mail found in contents of appellant's trash provided
magistrate with substantial basis for concluding probable cause existed for issuance of search
warrants); Raymer, 786 S.W.2d at 17 (search of appellant's trash yielding drugs and drug
paraphernalia provided direct link between drugs in trash and appellee's house).

 Finally, defendant contends the affidavit is deficient for failing to demonstrate the credibility
or veracity of the source of information within the affidavit. In determining the basis of knowledge,
veracity, and reliability of the informant, we review these closely related issues with the purpose of
discerning whether there is a substantial basis, considering the totality of the circumstances, to lead
a person with reasonable caution to believe that contraband was present in a specific location at the
time the magistrate issued the warrant. Cassias v. State , 719 S.W.2d 585, 587 (Tex. Crim. App.
1986). If so, then probable cause exists to support the issuance of a warrant. Id. at 587-88. 

 Here, the affidavit includes statements by a fellow law enforcement officer, Sergeant McCoy,
who provided information that he personally observed suspicious activity at defendant's residence.
McCoy's statements were corroborated by the evidence obtained in the traffic stop and search of
defendant's trash. These facts confirm McCoy's credibility and reliability, and we conclude, under
the totality of the circumstances, the magistrate had a substantial basis for finding probable cause to
issue the search warrant. State v. Ozuna, 88 S.W.3d 307, 311 (Tex. App.--San Antonio 2002, pet.
ref'd) (trial court may determine credibility of an informant based on consideration of whether
informant presented first hand observations and whether reasonable corroboration of informant's
statements existed). 



CONCLUSION

 We overrule defendant's issue on appeal and affirm the trial court's judgment.


 Sandee Bryan Marion, Justice

DO NOT PUBLISH