# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00342-CR

**Felix Flores, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR-07-634, HONORABLE WILLIAM HENRY, JUDGE PRESIDING

## O P I N I O N

A jury found appellant Felix Flores guilty of possessing more than four grams but less than two hundred grams of cocaine with intent to deliver and assessed his punishment at twelve years' imprisonment. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2003). In a single point of error, appellant contends that the trial court erred by overruling his motion to suppress evidence. We find no reversible error and affirm the conviction.

On March 6, 2007, officers associated with the Hays County Narcotics Task Force obtained and executed a warrant to search the residence at 1920 Ramona Circle in San Marcos for cocaine, marihuana, and evidence of narcotics trafficking and to arrest appellant and Tiffany Wardell. The return reflects that during the search, the officers found and seized cocaine, marihuana, digital scales, and other items. Appellant filed two motions to suppress the evidence seized during the search, the second of which contended that the information contained in the search warrant

affidavit did not state probable cause. The motion was considered by the court on the morning appellant's trial began. After hearing only brief arguments by counsel, the court took the motion under advisement. The court overruled the motion later that day without comment.

## PRESERVATION OF ERROR

Among his arguments to this Court, appellant contends that a confidential informer who supplied hearsay information contained in the probable cause affidavit was not shown to be reliable. He also argues that some of the information contained in the affidavit was stale. The State argues that these contentions should not be considered because they were not presented to the trial court. *See State v. Mercado*, 972 S.W.2d 75, 77 (Tex. Crim. App. 1998) (stating general rule that appellate court may not reverse trial court decision on new theory of law not presented to trial court for its consideration).

In his second motion to suppress, appellant contended that the search warrant affidavit "[did] not contain sufficient underlying facts adequately to inform the magistrate of how the alleged informant obtained his/her information and [did] not contain sufficient underlying facts to establish the credibility and reliability of the alleged informant." Appellant's counsel reasserted this contention at the hearing before the trial court, saying, "[T]he unidentified tipster does not have any information such as criminal informant information or reliability by a police officer with respect to contents of their affidavit . . . . The case law is well settled that an anonymous tipster with no corroborating facts or other indicia of reliability wouldn't rise to the level of probable cause, as well." Clearly, the reliability of the informer was expressly challenged below, and the State's argument to the contrary is without merit.

2

It is true that appellant never expressly asserted, either in the motion to suppress or at the hearing, that the information in the affidavit was stale. There was, however, no doubt that appellant was challenging the sufficiency of the affidavit's showing of probable cause.[1] Whether a search warrant affidavit states probable cause is determined by considering the totality of the circumstances shown in the affidavit. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Time is an important circumstance because the affidavit must establish that the object of the search is probably on the premises at the time the warrant is sought. *See Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); *and see State v. Davila*, 169 S.W.3d 735, 739 (Tex. App.—Austin 2005, no pet.) (discussing timeliness of informer's information in course of evaluating informer's basis of knowledge). We conclude that the timeliness of the information was necessarily included within appellant's challenge to the sufficiency of the probable cause affidavit, and the timeliness issue is now properly before us on appeal.

## SEARCH WARRANT AFFIDAVIT

The affidavit was prepared and signed on March 6, 2007, by Officer Attila Farkas of the Hays County Sheriff's office, who was assigned to the Hays County Narcotics Task Force. Farkas began the probable cause portion of the affidavit with a description of his training and experience as a police officer generally and a narcotics investigator in particular. Then, the officer recounted a tip he had received from an anonymous source:

---

[1] In its argument to the trial court, the State urged that "the affidavit as a whole . . . does, in fact, establish probable cause for the search warrant; therefore, we would ask that the Defendant's Motion to Suppress be overruled."

3

In February of 2007, Affiant received a phone call from a concerned citizen regarding narcotics activity at a house located on Ramona Circle in San Marcos, Texas. The caller wished to remain anonymous for reasons of his/her safety. The concerned citizen could not give an exact address but did describe the vehicles that are typically found at the residence. The vehicle descriptions were a black F-150 truck and a gold Firebird. The concerned citizen also stated that an individual by the name of Felix Flores resides at the residence with his girl friend. The female was only identified as a white female by the name of Tiffany. The concerned citizen also stated that he/she had observed a quantity of cocaine inside the residence in the past and that Child Protective Services had conducted an investigation on Flores regarding the use of marijuana in the presence of his children.

The affidavit went on to relate that after receiving this tip, Farkas and another officer went to Ramona Circle and found the two vehicles described by the informer parked outside the house at 1920 Ramona Circle. A check of the license plate numbers disclosed that the pickup truck was registered to appellant at an address in Maxwell, which is in Caldwell County. The Firebird was registered to Maria Wardell at 1920 Ramona Circle. Farkas checked the utility records for 1920 Ramona Circle and learned that the account was in the name of Tiffany Wardell. The officer also learned that Tiffany Wardell's driver's license was issued to the Ramona Circle address. The affidavit then described what Farkas had learned about appellant:

Affiant checked the Hays County Sheriff's Office data base for any information on Felix Flores. The information obtained gave his address as being located in Maxwell, TX. Affiant checked the Hays County Narcotics Task Force data base for any information regarding Felix Flores. The only information provided stated that the Task Force had obtained information regarding Flores several years ago and the information was turned over to Caldwell County Narcotics since Flores did not live in this jurisdiction at that time.

Affiant contacted Caldwell County narcotics and spoke with Jesse Hernandez regarding Felix Flores. Hernandez advised Affiant that Flores had been under investigation but that no charges had been filed. Affiant contacted Child Protective

4

Services and spoke with Cheryl Smith regarding Flores. Smith advised that there had been an investigation regarding the welfare of children at Flores's residence but that it had occurred at his residence in Maxwell.

Finally, the affidavit described two garbage searches conducted by Farkas:

On 03-01-07, Affiant obtained the abandoned household garbage from the garbage can located in the street, directly in front of the residence located at 1920 Ramona Circle, San Marcos, Hays County, Texas. Affiant examined the garbage for any evidence of narcotics use. Affiant located two empty packages of cigarette papers. Affiant from his experience and training knows that these type of rolling papers [are] commonly used to smoke marijuana cigarettes. Affiant also located a plastic bag believed to contain a small amount of marijuana residue. [A field test of this residue was positive for marihuana.]

On 03-05-07, Affiant again obtained the abandoned household garbage from the garbage can located on the street, directly in front of the residence at 1920 Ramona Circle . . . . Affiant located [in this garbage] several marijuana stems, seeds and marijuana residue. Affiant also located an affirmative link to Tiffany Wardell at 1920 Ramona Circle . . . .

## DISCUSSION

Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *Cassias*, 719 S.W.2d at 587; *State v. Bradley*, 966 S.W.2d 871, 873 (Tex. App.—Austin 1998, no pet.). The sufficiency of the affidavit is determined by considering the totality of the circumstances set forth within the four corners of the document. *Gates*, 462 U.S. at 238; *Hennessy v. State*, 660 S.W.2d 87, 90 (Tex. Crim. App. 1983); *Bradley*, 966 S.W.2d at 873. The affidavit must be interpreted in a common sense and realistic manner, recognizing that reasonable inferences may be drawn from the

5

affidavit. *Hespeth v. State*, 249 S.W.3d 732, 737 (Tex. App.—Austin 2008, pet. ref'd). The issuing magistrate's determination of probable cause must be given great deference and will be sustained if the magistrate had a substantial basis for concluding that probable cause was shown. *Gates*, 462 U.S. at 236-37; *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004); *Johnson v. State*, 803 S.W.2d 272, 289 (Tex. Crim. App. 1990); *Davila*, 169 S.W.3d at 738.

### *The Informer's Tip*

When a probable cause affidavit relies on hearsay information, the informer's veracity, reliability, and basis of information are highly relevant factors in determining whether probable cause exists. *Gates*, 462 U.S. at 238-39; *Parish v. State*, 939 S.W.2d 201, 203 (Tex. App.—Austin 1997, no pet.). Anonymously provided information must contain some indicia of reliability or be reasonably corroborated by the police before it can be used to justify a search. *Gates*, 462 U.S. at 244-46; *Parish*, 939 S.W.2d at 203. The information corroborated must provide a substantial basis for crediting the informer's hearsay; corroboration of details that are easily obtainable at the time the information is provided will not support a finding of probable cause. *Gates*, 462 U.S. at 244-46; *Parish*, 939 S.W.2d at 203.

According to Farkas's affidavit, the anonymous "concerned citizen" reported "narcotics activity" at the suspect location. It is unclear whether the conclusion that the activity involved narcotics was the informer's or Farkas's, but in either event this wholly conclusory statement gave the magistrate no factual basis for making a judgment about probable cause. *See Gates*, 462 U.S. at 239; *Davila*, 169 S.W.3d at 739-40. Nor did the reported presence of cocaine at the residence "in the past" give the magistrate any basis for believing that cocaine would be present

6

on March 6, 2007.  *See Serrano v. State*, 123 S.W.3d 53, 60 (Tex. App.—Austin 2003, pet. ref'd). Moreover, insofar as the affidavit reflects, the informer had no history of providing reliable information to the police or any demonstrated ability to recognize either cocaine or "narcotics activity." *See Davila*, 169 S.W.3d at 739.

The affidavit reflects that Farkas confirmed the informer's statement that there had been a CPS investigation of appellant, but he apparently did not confirm the informer's statement that the investigation involved a suspicion of marihuana use, much less determine that the suspicion was proved true.  Moreover, the affidavit did not tell the magistrate when this CPS investigation took place.  Finally, the CPS investigation was conducted in another county and did not relate to the suspect residence.  The information regarding the CPS investigation gave the magistrate no basis for a finding of probable cause to search the suspect premises.

Finally, in his efforts to corroborate the informer's tip, Farkas learned that the narcotics task force "had obtained information regarding Flores several years ago."  In addition to being stale, this unspecified information concerned activities in Caldwell County and did not result in charges being filed.  This recital neither bolstered the informer's credibility nor independently contributed to a finding of probable cause to search the premises at 1920 Ramona Circle.

Although the informer was shown to have accurately described the two vehicles parked in front of the suspect house, any passer-by could have done this.  *See Gates*, 462 U.S. at 244-46; *Parrish*, 939 S.W.2d at 203.  Similarly, it added nothing to the informer's credibility that the police confirmed that a woman named Tiffany lived in the suspect residence; this was a fact that any neighbor would know or could easily learn.  *See Gates*, 462 U.S. at 244-46; *Parrish*,

7

939 S.W.2d at 203. The police apparently did not confirm that appellant was a resident at 1920 Ramona Circle, although the repeated presence of his truck at the house suggests that he was at least a regular visitor.

We agree with appellant that the anonymous informer's tip and related information did not give the magistrate a substantial basis for believing that cocaine, marihuana, or evidence of unlawful controlled substance dealing would be found in the house at 1920 Ramona Circle on March 6, 2007. If there was probable cause to issue the challenged warrant, it had to have come from the garbage searches.

*Garbage Searches*

In his motion to suppress, appellant urged that "the searches of the trash receptacles outside [the suspect premises] are insufficient to establish probable cause to search the residence." He reurges that argument on appeal.

During the first garbage search on March 1, 2007, Farkas found evidence of marihuana consumption in the form of an empty package of cigarette rolling papers and a bag containing marihuana residue. He did not, however, find any evidence (beyond the location of the trash can) that this material had come from inside the residence at 1920 Ramona Circle. During the second garbage search on March 5, 2007, Farkas again found a bag containing marihuana residue. The affidavit stated that Farkas also found "an affirmative link" to Wardell at 1920 Ramona Circle, but this was merely the officer's conclusion, and the affidavit did not describe the factual basis for it. Like the earlier reference to "narcotics activity," this was a wholly conclusory statement and gave

8

the magistrate no basis for making a judgment about probable cause. *See Gates*, 462 at 239; *Davila*, 169 S.W.3d at 739-40.

In *California v. Greenwood*, the Supreme Court held that a person does not have a reasonable expectation of privacy in discarded items deposited in the person's garbage and placed at the curb to be taken by the trash collector. 486 U.S. 35, 40-41 (1988). In so holding, the Court noted that "[i]t is common knowledge that plastic garbage bags left on or at the side of a public street are readily accessible to animals, children, scavengers, snoops, and other members of the public." *Id.* at 40 (footnotes omitted); *see also id.* at 54 (Brennan, J., dissenting) (referring to "unwelcome meddlers" who might open and rummage through garbage containers). Thus, under *Greenwood*, the police may not need probable cause or a warrant to search through a person's discarded curbside refuse, but the ready accessibility of trash containers to the public diminishes the probative value of any evidence the police might find in garbage left on the street for collection. *See Davila*, 169 S.W.3d at 740 (noting that garbage containers left outside for collection are readily accessible to public, including neighbors or passers-by); *Serrano*, 123 S.W.3d at 62 (same).

In *Davila*, the search warrant affidavit described a statement by an informer of unknown credibility that drugs were being possessed at the suspect location at some unstated time, contained the affiant's unsupported assertion that narcotics transactions occurred frequently at that address, and recounted the discovery of a plastic bag containing marihuana residue in a garbage can sitting in the street in front of the house. 169 S.W.3d at 740. The affidavit contained no facts tending to show that the defendant or his girlfriend who lived at the residence were marihuana users or sellers. *Id.* We affirmed the trial court's order suppressing the evidence seized pursuant to this

9

warrant, holding that the affidavit did not give the magistrate a substantial basis for finding probable cause to search. *Id*. In *Serrano*, this Court held that the issuance of a search warrant was not justified by an affidavit describing an anonymous conclusory tip that the defendant was dealing cocaine in the county, police records and observations establishing a tenuous connection between the defendant and the suspect premises, and the discovery of a plastic bag containing cocaine residue in a garbage can outside the suspect premises. 123 S.W.3d at 63. In both *Davila* and *Serrano*, this Court stated that in the absence of any other probative showing that controlled substances might be found, the one-time discovery of controlled substance residue during a search of garbage found outside the suspect location did not give the magistrate a substantial basis for concluding that there was probable cause to search. *Davila*, 169 S.W.3d at 740; *Serrano*, 123 S.W.3d at 63.

This Court has, in other opinions, upheld the issuance of search warrants based in part on affidavits describing the results of garbage searches. In *State v. Delagarza*, a search warrant affidavit told the magistrate that an informer had reported suspected drug dealing at the defendant's residence. 158 S.W.3d 25, 27 (Tex. App.—Austin 2005, no pet.). Although the informer's reliability was unknown, the tip contained an indicia of reliability because it described a pattern of activity (recounted in the affidavit) that the affiant knew, from his training and experience, was indicative of drug dealing. *Id*. at 28. The affiant had also conducted four recent garbage searches at the suspect location, including one on the day the warrant issued, and had found on each occasion cocaine, marihuana, and drug paraphernalia. *Id*. at 27-28. Finally, the affidavit described the discovery of cocaine and drug paraphernalia during garbage searches three months earlier at the

10

defendant's previous address. *Id.* at 27. We held that the totality of the circumstances described in the affidavit gave the magistrate probable cause to issue a search warrant. *Id.* at 29.

In *Bradley*, the search warrant affidavit described two tips from informers of demonstrated reliability stating that the defendant possessed and sold cocaine at the suspect premises. 966 S.W.2d at 874. Acting on these reliable tips, the affiant had on the day the warrant issued conducted a garbage search at the subject location and found cocaine, documents that appeared to describe drug transactions, and another document with the defendant's name written on it. *Id.* This Court found that there was probable cause to issue a search warrant. *Id.* 875-76.

We have found one other published Texas opinion addressing the sufficiency of a search warrant affidavit describing the results of garbage searches. In *State v. Raymer*, a police officer investigating the unlawful possession and sale of anabolic steroids conducted garbage searches at the suspect location on five different occasions over a period of five months, the last search being on the day the warrant issued. 786 S.W.2d 15, 16 (Tex. App.—Dallas 1990, no pet.). The affidavit stated that during each search, the officer found hypodermic needles and syringes. *Id.* During one of the searches, the officer found a vial containing an anabolic steroid and papers with notations reflecting the sale of anabolic steroids and human growth hormone by the defendant and others living at the residence. During the most recent search, the officer found a vial containing a human growth hormone. *Id.* The court of appeals determined that the affidavit stated probable cause to search. *Id.* at 17.[2]

---

[2] In *Nilson v. State,* a search warrant was issued on the basis of an informer's tip and the results of two garbage searches. 106 S.W.3d 869, 871 (Tex. App.—Dallas 2003, no pet.). The issue on appeal was whether the garbage searches were themselves lawful; whether the results of the garbage

11

The State relies primarily on this Court's unpublished opinion in *State v. E. Davila*, No. 03-06-00214-CR, 2007 Tex. App. LEXIS 1379 (Tex. App.—Austin Feb. 23, 2007, no pet.).[3] In that case, the Court upheld a search warrant issued on the basis of an affidavit that stated: (1) for several years, the narcotics task force had been receiving informer's tips that the defendant was a member of a criminal gang and engaged in extortion and drug dealing (the opinion does not say whether the informers were known to be reliable); (2) a search of the defendant's residence two years earlier yielded evidence of illegal drug activity; (3) the defendant had a previous drug conviction; (4) a reliable informer had told the affiant two months earlier that the defendant was living at the suspect location, and the affiant had confirmed this by his own investigation; and (5) two searches of discarded household trash at the suspect location, one conducted on the day the warrant issued and the other conducted six days earlier, yielded straws of the sort used to consume cocaine and plastic baggies of the sort used to package cocaine for sale, and both the straws and baggies tested positive for cocaine. *Id*. at *3-5. The Court held that the affidavit at issue was distinguishable from the affidavits found inadequate in *Serrano* and *Davila*, citing the defendant's prior link to drug activity, the reliable tip that he lived at the suspect location, and the results of the two trash searches. *Id*. at *9-10.

---

searches supported a finding of probable cause to search the residence was not raised. *Id*. at 875. Similarly, the opinion in *Levario v. State*, 964 S.W.2d 290, 295-96 (Tex. App.—El Paso 1997, no pet.), discussed the propriety of garbage searches and not whether the results of the searches contributed to a finding of probable cause to conduct a residence search.

[3] We use the appellant's initial to distinguish this opinion from *State v. Davila*, 169 S.W.3d 735, 739 (Tex. App.—Austin 2005, no pet.).

Although the affidavit in *E. Davila* relied heavily on the evidence found during the two garbage searches, the affidavit also contained probative evidence of the defendant's prior history of drug dealing. There was no similar showing in the affidavit at issue in this cause. In fact, we have found no published or unpublished Texas opinion holding that the discovery of a controlled substance or drug paraphernalia during a search or searches of garbage deposited in a publicly accessible container outside the suspect premises is alone sufficient to support the issuance of a search warrant without any further factual basis for inferring that the incriminating material came from inside the premises or any other probative showing of criminal activity at the premises or by the occupants of the premises. [4]

---

[4] We have found a number of unpublished opinions addressing the issue before us. *See State v. Dickson*, No. 05-07-01542-CR, 2008 Tex. App. LEXIS 6333, at *3-5 (Tex. App.—Dallas Aug. 21, 2008, no pet.) (affidavit described two tips from informers of unknown reliability and discovery of marihuana residue and pipe during one trash search; held insufficient); *Gonzalez v. State*, No. 14-06-01127-CR, 2008 Tex. App. LEXIS 4899, at *1-3 & *7-8 (Tex. App.—Houston [14th Dist.] Jul. 1, 2008, pet. ref'd) (affidavit described tip from reliable informer, observation of defendant placing trash in bin at curb, discovery of marihuana residue and mail addressed to defendant in trash, and discovery of marihuana in defendant's possession after traffic stop; held sufficient); *State v. Bobic*, No. 05-06-01386-CR, 2007 Tex. App. LEXIS 2945, at *1-4 & *17-18 (Tex. App.—Dallas Apr. 18, 2007, no pet.) (affidavit described informer's tip, information received from DEA special agent, and discovery of cocaine and paraphernalia during four garbage searches; held sufficient); *Ortiz v. State*, No. 02-03-00259-CR, 2005 Tex. App. LEXIS 6721, at *4-7 (Tex. App.—Fort Worth Aug. 18, 2005, pet. ref'd) (affidavit described anonymous tip, defendant's criminal history of drug possession, and discovery of methamphetamine and mail addressed to defendant during two garbage searches; held sufficient); *Rose v. State*, No. 04-04-00344-CR, 2005 Tex. App. LEXIS 32, at *3-9 (Tex. App.—San Antonio Jan. 5, 2005, no pet.) (affidavit described affiant's repeated observation of large volumes of vehicle traffic at defendant's residence and of hand-to-hand transactions between defendant and drivers of these vehicles, discovery of marihuana in possession of person seen leaving defendant's residence, and discovery of marihuana residue during single garbage search; held sufficient); *Jones v. State*, No. 11-02-00252-CR, 2003 Tex. App. LEXIS 8361, at *1-5 & *12 (Tex. App.—Eastland Sep. 25, 2003, no pet.) (affidavit described discovery of methamphetamine and methamphetamine manufacturing paraphernalia, together with mail addressed to defendant, during five garbage searches, and defendant's association with known

13

The garbage container in which Farkas found the marihuana residue was sitting in front of the suspect premises, but it was also in or beside a city street and accessible to any neighbor or passer-by. Neither appellant nor Wardell was seen placing the garbage bags in question, or any other trash, in the container, and there was no other statement of fact in the affidavit suggesting a connection between the marihuana residue found in the garbage and either appellant, Wardell, or the suspect premises. On the other hand, the fact that Farkas found marihuana residue in the trash container outside the residence at 1920 Ramona Circle on two different occasions suggests that the incriminating material had not been placed there by a neighbor or some passer-by, but that it actually came from inside the house. The situation is analogous to the "doctrine of chances," which states that unusual events are unlikely to repeat themselves inadvertently or by happenstance. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005); *see also* 2 John Wigmore, *Evidence* § 302 (Chadbourn rev. 1979). This presents a very close question, but keeping in mind the deference that is due the magistrate's determination of probable cause, we conclude that the affidavit gave the magistrate a substantial basis for concluding that there was probable cause to search the premises for marihuana.

---

methamphetamine manufacturer; held sufficient); *Robertson v. State*, No. 10-01-00256-CR, 2003 Tex. App. LEXIS 6445, at *1-2 & 10 (Tex. App.—Waco Jul. 23, 2003, no pet.) (affidavit described tip from informer, unusually large electricity usage, officer's observation of marihuana plants growing in defendant's yard, and discovery of marihuana during garbage search; held sufficient); *Perez v. State*, No. 14-95-00412-CR, 1997 Tex. App. LEXIS 3351, at *6 & *8-11 (Tex. App.—Houston [14th Dist.] Jun. 26, 1997, no pet.) (affidavit described information from reliable informer, telephone records, and discovery of cocaine during single garbage search; held sufficient); *Lyons v. State*, No. 14-95-00791-CR, 1997 Tex. App. LEXIS 1962, at *6-11 (Tex. App.—Houston [14th Dist.] Apr. 17, 1997, pet. ref'd) (affidavit described information received from two named law enforcement officers, utilities records, and discovery of methamphetamine, marihuana, syringes, and other drug paraphernalia during three garbage searches; held sufficient).

14

*Severability*

The search warrant authorized the police to search the premises at 1920 Ramona Circle for marihuana and marihuana paraphernalia, cocaine and cocaine paraphernalia, and evidence of unlawful drug sales and distribution, including tally sheets and other documents, telephones, photographs, currency, and firearms. The only mention of cocaine in the affidavit was a stale tip from an anonymous informer of unknown reliability. There was no express mention of drug sales or distribution in the affidavit, either at the premises or by the suspects, and the anonymous tip regarding "narcotics activity" at the residence was wholly conclusory and not shown to be reliable. Although the discovery of marihuana residue during the two garbage searches gave the magistrate probable cause to authorize a search for marihuana, the police found no cocaine or evidence of drug trafficking in the garbage. The results of the garbage searches did not lend any credibility to the anonymous informer's tip or give the magistrate any independent basis for concluding that cocaine or evidence of drug dealing would be found at the premises. Insofar as the warrant authorized a search of the premises for cocaine and evidence of drug distribution, it was not supported by probable cause.

The court of criminal appeals has adopted a rule of severability by which invalid portions of a warrant are severable from the valid portions. *Ramos v. State*, 934 S.W.2d 358, 363 (Tex. Crim. App. 1996) (citing *Walthall v. State*, 594 S.W.2d 74, 79 (Tex. Crim. App. 1980)). Under this rule, the search for and seizure of items listed under the valid portions of a warrant are lawful. *Id*. The appropriate remedy is to strike the offending clauses and exclude only the seized evidence that does not fit within the warrant as modified. *Id*.

In *King v. State*, for example, a warrant was issued authorizing a search for marihuana and items "that would show the illicit distribution of controlled substances and marihuana." 856 S.W.2d 610, 611 (Tex. App.—Waco 1993, no pet.). Police seized a quantity of marihuana during the execution of the warrant, for the possession of which the defendant was tried and convicted. *Id*. On appeal, the defendant complained that his motion to suppress the marihuana should have been granted because the magistrate did not have probable cause to believe that evidence of illicit narcotics distribution would be found on the premises, and therefore the search warrant was overbroad. *Id*. at 612. The court of appeals applied the rule of severability, excluded the invalid portions of the warrant, and concluded that the seizure of the marihuana was authorized by that portion of the warrant that remained—which authorized the officers to search for marihuana. *Id*.

In the cause before us, we apply the severability rule and strike the invalid portions of the warrant that authorized a search for cocaine, cocaine paraphernalia, and evidence of unlawful drug sales and distribution, leaving only that portion of the warrant that validly authorized a search for marihuana and marihuana paraphernalia. Plainly, the seizure of the marihuana found inside the residence at 1920 Ramona Circle was lawfully authorized by the warrant, but the seizure of the cocaine was not. The cocaine, of course, formed the basis for appellant's prosecution and conviction in this cause.

A trial court's ruling on a motion to suppress will be upheld under any applicable legal theory that is correct and is reasonably supported by the record. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). Under the warrant, the police lawfully searched the premises at 1920 Ramona Circle for marihuana. There is no contention that the officers exceeded

16

the lawful scope of a search for marihuana or that the cocaine was discovered in a place or places where marihuana could not be stored or hidden. Farkas testified at the trial that a plastic bag containing cocaine and a digital scale were found on top of a cabinet in the master bathroom, another bag of cocaine was found in the second bathroom, and a bag of marihuana was found in the bedroom closet.[5] Because the officers were lawfully on the premises to search for marihuana, and because the cocaine was discovered during the course of that search, the seizure of the cocaine was lawful under the plain view doctrine. *See Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971) (stating that plain view doctrine applies where police have warrant to search for specified objects, and in course of search come across some other article of incriminating character); *Ramos*, 934 S.W.2d at 364 (stating that evidence of officers' other observations while lawfully searching premises for blood stains was admissible). *See also* Wayne R. LaFave, *Search and Seizure* § 4.6(f) (4th ed. 2004).

To summarize, the affidavit presented to the magistrate gave him probable cause to issue a warrant to search the suspect premises for marihuana, but not to issue a warrant to search for cocaine or evidence of drug trafficking. Applying the rule of severability, the police were authorized by the warrant to search for and seize marihuana, and for that reason the trial court did not err by

---

[5] The court of criminal appeals has said that as a general rule, an appellate court reviewing a pretrial motion should consider only the evidence adduced on that motion, and not consider evidence adduced at the subsequent trial. *Hardesty v. State*, 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984). We have found no opinion applying this rule when, as here, the pretrial hearing consisted solely of the arguments of counsel regarding the adequacy of a probable cause affidavit under the four corners rule. Moreover, the court has stated that limiting appellate review to the facts adduced at a pretrial suppression hearing is "untenable" in the face of a trial record that supports, albeit belatedly, the trial court's ruling. *Webb v. State*, 760 S.W.2d 263, 272 n.13 (Tex. Crim. App. 1988); *see also Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996) ("it would be unreasonable to ignore trial evidence in our review of the court's suppression decision only to be confronted by the evidence in our consideration of whether the error was harmless").

overruling the motion to suppress as it applied to the marihuana. The officers found the cocaine in plain view while lawfully searching for marihuana, and for that reason the trial court did not reversibly err by overruling the motion to suppress as it applied to the cocaine.

The point of error is overruled, and the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   April 30, 2009

Publish

18